IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**TERENCE LEFLORE,**

       **Plaintiff,**

v.                                                              Case 2:23-cv-02486-TLP-cgc

**AIMBRIDGE HOSPITALITY, LLC**

       **Defendant.**

---

### REPORT AND RECOMMENDATION ON
### DEFENDANT'S MOTION TO DISMISS TO FAILURE TO STATE A CLAIM

---

Before the court is Defendant Aimbridge Hospitality, LLC's ("Defendant") Motion to Dismiss Plaintiff's negligence claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be GRANTED.

### I. Background

    *a. Plaintiff's Complaint*

On July 5, 2023, Plaintiff Terence LeFlore ("Plaintiff") filed a *pro se* Complaint alleging Defendant's liability for a sexual assault and negligent hiring of the purported perpetrator. Plaintiff alleges that while at an Embassy Suites Inn hotel owned and operated by Defendants in Memphis on July 24, 2022, he was date-raped by Defendants' employee Jordan Tunstall ("Tunstall"), the

hotel's Manager. (D.E. # 1 at PageID 4). Plaintiff begins the Complaint by alleging that Tunstall offered Plaintiff a glass of wine, which made Plaintiff "feel weird." *Id.* Plaintiff further alleges Tunstall knew about Plaintiff's brain tumor at the time, and took advantage of it by offering him the wine. *Id.* Plaintiff alleges that after he began feeling odd, Tunstall physically forced himself onto Plaintiff in Room 118. *Id.* Plaintiff alleges that next, Tunstall sexually assaulted him and hit him. *Id.* Then, Plaintiff allegedly suffered a seizure caused by a brain injury from being hit. *Id.*

According to the Complaint, this incident concluded with Tunstall throwing money on Plaintiff and departing. *Id.* Plaintiff alleges that he had pain in his knee after being struck, and had torn clothing garments, at least one of which is in a detective's possession. *Id.* Plaintiff alleges he then exited the room, asked for help from the hotel's desk receptionist, and was blocked in the hotel by a security guard. *Id.* Plaintiff's Complaint also alleges that after the incident, he was harassed by telephone by Defendant or Tunstall, and that Defendant is responsible for Tunstall's actions by virtue of their employer-employee relationship. *Id.*

Plaintiff alleges he experiences PTSD because of this assault. *Id.* He also alleges that he takes pills daily now that make him sick. *Id.* Plaintiff has attended therapy sessions and alleges that medical bills have drained him financially. *Id.* Finally, he alleges he has evidence that he contracted syphilis from Tunstall because of the rape. *Id.* The Complaint pleads for $400,000,000 in damages from Defendant for the alleged actions. *Id.*

### b. *Defendant's Motion to Dismiss*

On October 2, 2023, Defendant Aimbridge Hospitality, LLC filed its Motion to Dismiss for failure to state a claim (D.E. # 10). Defendant argues that Plaintiff's complaint fails to establish a prima facie negligence claim of vicarious liability for Tunstall's actions through *respondeat superior* because sexual assault is not within the scope of one's employment. *E.g.*, *Heflin v.*

2

*Iberiabank Corp.*, 571 S.W.3d 727 (Tenn. Ct. App. 2018).  Moreover, Defendant argues Plaintiff has failed to state a claim for Defendant's direct liability for the alleged sexual assault under negligent hiring or supervision theories because Defendant had no actual or constructive knowledge about Tunstall's incompetence or danger to others.  *E.g.*, *Gunter v. Estate of Armstrong*, 600 S.W.3 915, 928 (Tenn Ct. App. 2019).

### c. *Plaintiff's Response to Defendant's Motion to Dismiss*

In response to the Motion to Dismiss, Plaintiff filed a response brief on October 10, 2023. In his Response, Plaintiff first alleges supplemental facts not included in the original Complaint. (D.E. # 11 at PageID 25–26).  Plaintiff argues in the Response that he is entitled to discovery, appointment of counsel, and the inclusion of pain and suffering damages.  *Id.* at PageID 26–27, 30.  Also, Plaintiff reiterates that he has stated a claim for relief because of Defendant's negligence, including the Defendant's failure to request medical assistance after the alleged sexual assault.  *Id.* at PageID 26.  Plaintiff's Response continues by arguing that Defendant breached its duty to Plaintiff because Tunstall sexually assaulted Plaintiff, Defendant knew or should have known about the "risk posed" by Tunstall, and Plaintiff's injuries constituted foreseeable harms.  *Id.* at PageID 30.  Plaintiff ultimately requests that the Court "dismiss the defendant's motion." *Id.*

### d. *Defendant's Reply to Plaintiff's Response*

On October 31, 2023, Defendant replied to the response to the motion to dismiss.  (D.E. # 12 at PageID 31).  In its reply, Defendant reiterates its arguments from the Motion to Dismiss, stating that Plaintiff has not plausibly stated claims for relief either under *respondeat superior* or negligent hiring or supervision.  *Id.*

Defendant's first argument is premised on the Plaintiff's failure to allege facts in the complaint showing that Tunstall failed to call an ambulance for medical assistance after the

3

incident. *Gunter v. Estate of Armstrong*, 600 S.W.3 915, 928 (Tenn Ct. App. 2019). Furthermore, Defendant alleges it cannot be responsible for Tunstall's alleged sexual assault because such actions fall outside the scope of employment duties; such actions are not in furtherance of the Aimbridge's business. *Werner v. Young*, No. 1:20-CV-252, 2021 WL 397392, at *5 (E.D. Tenn. Feb. 4, 2021).

Moreover, Defendant argues that the claim for negligent supervision and hiring fails because Plaintiff has not alleged facts allowing a reasonable inference that Defendant knew or should have known about Tunstall's propensity for sexual violence. (D.E. # 12 at PageID 35). Defendant supports this argument by stating that Plaintiff's complaint lacks sufficient facts—under the plausibility standard—to show that it is responsible for having known about the danger Tunstall posed and having failed to intervene or supervise him. *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Defendant argues that nothing in Tunstall's background could "alert" Defendant that hiring Tunstall "would pose an unreasonable risk of sexual assault to someone on the hotel premises." (D.E. # 12 at PageID 35).

Finally, Defendant argues in its Reply that Plaintiff is not entitled to discovery because the Complaint and Response lack sufficient facts to support a negligence claim despite Plaintiff himself stating that he has "ample evidence." (D.E. # 12 at PageID 36); *Price v. FedEx Ground*, No. 219CV02768TLPCGC, 2020 WL 12968650, at *2 (W.D. Tenn. May 18, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendant also argues that Plaintiff is not entitled to appointment of counsel because plaintiff has not shown that this case has "exceptional circumstances" requiring such counsel. (D.E. # 12 at PageID 37) (citing *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993)).

4

**II. Applicable Law**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### III. Proposed Analysis

#### a. *Respondeat Superior*

With respect to *respondeat superior*, under Tennessee law a plaintiff can establish a Defendant employer's vicarious liability for an employee's tortious conduct where the plaintiff shows (1) the person causing harm was an employee of the defendant, (2) the employee acted for the employer's interest, and (3) the employee acted within the scope of employment at the time of the harm. *Tenn. Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992). The question of whether an employee was acting within the scope of employment is typically one of fact for the jury unless "the facts are undisputed and cannot support conflicting

6

conclusions." *Gunter v. Estate of Armstrong*, 600 S.W.3d 916, 924 (Tenn. Ct. App. 2019) (citing *Craig v. Gentry*, 792 S.W.2d 77, 80 (Tenn. Ct. App. 1990)). However, the imposition of vicarious liability is limited by the rule that where an employee "turns aside" from his employer's business or takes a detour from his work "to accomplish some purpose of his own that is unconnected with his employment," the employer-employee relationship temporarily pauses. *Bowers v. Potts*, 617 S.W.2d 149, 156 (Tenn. Ct. App. 1981). Because the employee acts upon his or her own will during a detour instead of serving the employer's business, the employer is not liable for the acts of the employee during this period. *Id.; Gunter v. Estate of Armstrong*, 600 S.W.3d 916, 925 (Tenn. Ct. App. 2019).

As to Plaintiff's *respondeat superior* negligence claim, Plaintiff has failed to allege facts showing that Tunstall sexually assaulted Plaintiff in furtherance of Defendant's business or within the scope of Tunstall's employment duties. *Tenn. Farmers Mut. Ins. Co.*, 840 S.W.2d at 937–38. Rather, Plaintiff alleges that Tunstall was the manager of the hotel, invited Plaintiff to a room, struck him, and raped him, omitting any facts that Tunstall's acts were authorized by or in furtherance of Defendant's business. While Tunstall may have been employed by Defendant, here, Tunstall clearly took a detour from his work on the premises to act upon his own will, which paused the employer-employee relationship and precludes vicarious liability. *Bowers*, 617 S.W.2d at 156. Thus, it is RECOMMENDED that Plaintiff's negligence claim under *respondeat superior* fails to state a claim upon which relief may be granted.

    b. **Negligent Hiring**

Negligent hiring under Tennessee law first requires a *prima facie* negligence claim establishing (1) a duty of care owed by the defendant, (2) conduct below the standard of care that constitutes a breach of duty, (3) a harm or injury, (4) actual cause, and (5) proximate cause. *See*

7

*Giggers v. Memphis Housing Authority*, 277 S.W.3d 359, 364 (Tenn. 2009). With respect to the underlying proximate cause requirement, an employer's hiring of an alleged tortfeasor cannot be the proximate cause of the harm where the employee's later act was outside the scope of employment. *Gunter*, 600 S.W.3d at 929.

In addition to the showing of negligence, the plaintiff must show that (1) the defendant's employee was unfit for the employment role, (2) the employee at the time of application posed an unreasonable risk to others, and (3) the employer "knew or should have known" that the prospective employee's criminality or history of danger to others would likely be repetitive. *Phipps v. Walker*, No. 03A01-9508-CV-00294, 1996 WL 155258, at *3 (Tenn. Ct. App. Apr. 4, 1996) (citing *Gates v. McQuiddy Office Products*, No. 02A01-9410-CV-00240, 1995 WL 650128 (Tenn. Ct. App. 1995)). Therefore, the risk of harm or injury to others must be reasonably foreseeable to plausibly plead a negligent hiring claim. *Phipps*, 1996 WL 155258, at *2. "Reasonable foreseeability" exists where the events causing the alleged harm were reasonably probable to occur, and that some action within the defendant's control more likely than not would have prevented the harm. *Doe v. Linder Const. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992).

Plaintiff has failed to allege facts showing that Defendant "knew or should have known" of Tunstall's propensities for sexual violence or injuring others. The allegations that Tunstall was a manager at Defendant's business and sexually assaulted Plaintiff fail to establish that the Defendants acted negligently by hiring Tunstall. A plaintiff's exposure to a risk—without a defendant's knowledge or reasonable foreseeability—is insufficient to state a negligent hiring claim. *Doe*, 845 S.W.2d at 178; *Brown v. Mapco Express, Inc.*, 393 S.W.3d 696, 703 (Tenn. Ct. App. 2012). None of the Complaint's facts show that Tunstall's alleged sexual assault either made him unfit for employment or put Defendant on notice of his unreasonable risk of harm posed to

8

others. *Phipps*, 1996 WL 155258, at *3. Therefore, it is RECOMMENDED that Plaintiff's claim for negligent hiring against Defendant fails to state a claim upon which relief may be granted.

### c. Negligent Supervision

Regarding negligent supervision, a sufficient claim establishes the *prima facie* elements of negligence and additionally, that the employer knew of an employee's likelihood to cause harm and failed to supervise the employee. *Gunter*, 600 S.W.3d at 929. Specifically, a claimant must show that the employer could "foresee, or through the exercise of reasonable diligence should have foreseen, the general manner in which the injury or loss occurred." *Jones v. Bedford Cnty.*, No. M2006-02710-COA-R3-CV, 2007 WL 3202760, at *3 (Tenn. Ct. App. Apr. 14, 2008). Negligent supervision claims thus require a showing that the employer, through due diligence, had reason to believe the employee would cause an injury or harm in the scope of employment. *Gunter*, 600 S.W.3d at 929–30.

Regarding Plaintiff's claim that Defendant is liable for negligent supervision of Tunstall, Plaintiff has failed to allege sufficient facts showing that Defendant could have foreseen the manner of this injury. Instead, Plaintiff seems to allege that because Tunstall was employed as manager of Defendant's hotel and was living on its premises at the time of the alleged rape, that Defendant failed to properly supervise him. However, these allegations fail to connect any reasonable foreseeability that Tunstall would sexually assault persons on the hotel premises to Defendant's failure to act, intervene, or supervise. *Gunter*, 600 S.W.3d at 929; *Jones*, 2007 WL 3202760, at *3. Given the plaintiff's allegations, any circumstance where a person was on a hotel's premises and was sexually assaulted by a hotel employee would create a claim for negligent supervision. However, negligent supervision claims require a showing that the defendant employer should have anticipated the employee causing the injuries complained of, regardless of

9

manner. *See Jones*, 2007 WL 3202760, at *3 ("[I]t must be established that the County should have reasonably foreseen or anticipated that the plaintiff would be at risk of the injuries complained about."). For the foregoing reasons, it is RECOMMENDED that Plaintiff's claim for negligent supervision fails to state a claim upon which relief may be granted.

### IV.  Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's common law claims for negligence under respondeat superior, negligent hiring, and negligent supervision fail as a matter of law. Thus, it is RECOMMENDED that Aimbridge Hospitality, LLC's Motion to Dismiss be GRANTED.

Signed this 20th day of March, 2024.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**