# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TERENCE LEFLORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:23-cv-02486-TLP-cgc |
| v. ) | |
| ) | |
| AIMBRIDGE HOSPITALITY, LLC, ) | |
| Incorrectly Named by Plaintiff as Embassy ) | |
| Suites Inn by Hilton, ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pro se Plaintiff Terence LeFlore sued Defendant Aimbridge Hospitality, LLC, in July 2023 in the Circuit Court of Shelby County, Tennessee over an alleged sexual assault. (ECF No. 1-1 at PageID 4.) Defendant then removed the action to this Court. (ECF No. 1.) Defendant moved to dismiss, arguing that Plaintiff cannot state a claim for respondeat superior, negligent hiring, or negligent supervision. (ECF No. 10.) Plaintiff responded (ECF No. 11), and Defendant replied (ECF No. 12). Magistrate Judge Charmiane G. Claxton entered a Report and Recommendation ("R&R") recommending that the Court grant Defendant's Motion to Dismiss. (ECF No. 19.)

For the reasons below, the Court **ADOPTS** the R&R and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

## BACKGROUND

Plaintiff's Complaint alleges that Jordan Tunstall ("Tunstall"), a manager of an Embassy Suites Inn, sexually assaulted him at the hotel in July 2022. (ECF No. 1-1 at PageID 4.) And he

1

asserts the hotel is responsible for Tunstall's conduct. (*Id.*) Plaintiff claims that the assault left him with torn clothes and injuries, including a head injury from being struck and knee pain. (*Id.*) He also asserts that he suffers from PTSD and syphilis because of the assault. (*Id.*) The hotel receptionist allegedly failed to help Plaintiff when he came to the desk after the assault, and a security guard allegedly blocked him from exiting the building. (*Id.*) Tunstall allegedly harassed Plaintiff by telephone for days after the incident. (*Id.*)

Defendant moved to dismiss Plaintiff's Complaint in October 2023 for failure to state a claim. (ECF No. 10.) Defendant argues that Plaintiff has not pleaded enough facts for a prima facie negligence claim for Tunstall's actions to justify a claim against the hotel under respondeat superior. (*Id.* at PageID 18, 20, 21.) Defendant also contends that Plaintiff cannot establish direct liability against under negligent hiring or negligent supervision theories. (*Id.*) In his opposition to Defendant's motion, Plaintiff argues that he is entitled to discovery, appointment of counsel, and pain and suffering damages. (ECF No. 11 at PageID 25–26.) Plaintiff also reasons that Defendant knew or should have known about the risk posed by Tunstall and that his injuries were foreseeable. (*Id.*)

## **LEGAL STANDARD**

When deciding whether a complaint states a claim on which relief can be granted, courts apply the standard of Federal Rules of Civil Procedure 8 and 12(b)(6) as explained by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Fed. R. Civ. P. 12(b)(6). For example, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief" and giving the defendant fair notice of the claim and the grounds for the claim. *Twombly*, 550 U.S. at 555. And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

2

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022), *cert. denied*, 143 S. Ct. 444 (2022) (citation omitted). But the court need not accept "legal conclusions or unwarranted factual inferences." *Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 659 (6th Cir. 2021) (quoting *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017)). Instead, the "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) (quoting *Commercial Money Ctr. v. Ill. Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[1] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

Courts must "liberally construe[]" pleadings filed by pro se plaintiffs and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). But this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). Pro se plaintiffs must still plead enough "*factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir.

---

[1] As for discovery, a plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.

2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).  District courts are not "required to create" a pro se plaintiff's claim for him.[2]  *Payne v. Sec'y of the Treasury*, 73 F. App'x. 836, 837 (6th Cir. 2003).

Finally, a magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss a case on summary judgment.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee's note.  If the parties do object, the district court reviews the objected-to portions of the R&R de novo.[3]  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]."  28 U.S.C. § 636(b)(1).  The district court need not articulate all its reasons for rejecting a party's objection.  *See Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

A party who objects must "be clear enough to enable the district court to discern those issues that are dispositive and contentious."[4]  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)

---

[2] "District judges have no obligation to act as counsel or paralegal to *pro se* litigants." *Thomas v. Romanowski*, 362 F. App'x 452, 456 (6th Cir. 2010) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).

[3] Keep in mind that a party cannot raise new argument or issues in objections that it did not present to the magistrate court without compelling reasons.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

[4] "A general objection that does not identify specific issues from the magistrate's report . . . is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy."  *Hastings v. Shelby Cnty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citations omitted); *see also United States v. Berry*, Nos. 05-20048-BC, 10-12633-BC, 2011 WL 1627902,

4

(citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). "Failure to identify specific concerns with a magistrate judge's report results in treatment of a party's objections as a general objection to the entire magistrate judge's report." [5] *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004). And "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *Miller*, 50 F.3d at 380). When a plaintiff submits only vague, general, or conclusory objections, then the district court may review the R&R for clear error, rather than de novo.

I.   **Plaintiff's Objections**

Judge Claxton entered her R&R in March 2024 and Plaintiff responded timely. (*See* ECF Nos. 19, 20.) Plaintiff's objections, however, are not specific enough to meet the requirements of Federal Rule of Civil Procedure 72(b)(2). Plaintiff generally refers to the R&R's "profound legal errors," "foundational errors," and its "premature dismissal of claims" without identifying any particular errors or explaining why his claims should not be dismissed. (ECF No. 20 at PageID 283–84.) His response is too vague. For example, Plaintiff states that "[t]he Report's premature dismissal of claims pertaining to negligent hiring, supervision, and retention represents a glaring misjudgment of the facts presented." (*Id.* at PageID 284.) But Plaintiff fails to identify which facts Judge Claxton misjudged or how she did so. And he does not include facts to clear up the mistakes he claims Judge Claxton made.

---

at *2 (E.D. Mich. Apr. 29, 2011) ("[O]bjections to a magistrate judge's report an[d] recommendation must be specific challenges to the magistrate judge's conclusions.").
[5] "Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller*, 50 F.3d at 380), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff lists his other "objections" by confusing headings, such as "Comprehensive Dissection of Legal Standard for Dismissal Misapplication," "Vigorous Rebuttal of Erroneous Respondeat Superior Conclusion," and "Methodical Critique of Negligent Hiring, Supervision, and Retention Claims Dismissal," and then follows them with conclusory single sentences, which again fail to expound or explain.  (*Id.* at PageID 283–84.)  And nowhere in his objections does Plaintiff cite the R&R or the record.[6]  The most direct reference Plaintiff makes about the R&R is when he states that the R&R "starkly misinterprets the lenient standards set forth by the Federal Rules of Civil Procedure and established case law, notably the seminal rulings in [*Bell Atlantic Corp. v. Twombly*] and [*Ashcroft v. Iqbal*]."  (*Id.* at PageID 283.)  But still, Plaintiff never explains *how* Judge Claxton misinterpreted the law, nor how that alleged misinterpretation applies to the facts of his case.

Because Plaintiff failed to identify specific errors within Judge Claxton's report,[7] the Court will review the R&R for clear error.

---

[6] At one point, Plaintiff appears to refer to his Response to Defendant's Motion to Dismiss (ECF No. 11), though he does not cite it.  He states,

> Facing the defendant's claims, the plaintiff "Terence LeFlore" articulates a series of counterarguments that are not merely responses, but profound rebuttals rooted in legal precedent and ethical reasoning.  Each claim made by the defendant is met with a precise, historically informed, and legally sound counter, showcasing the plaintiff's unparalleled dedication to not just contesting but dismantling the grounds for dismissal.

(ECF No. 20 at PageID 284.)  Even this statement is too general and vague.  And it lacks a specific objection to the R&R.

[7] *See Miller*, 50 F.3d at 380 (finding that a party's objections to report and recommendation were general objections when they "were summary in nature, with no specificity at all," "failed specifically to address the findings of the magistrate," "disputed the correctness of the magistrate's recommendation but failed to specify the findings that she believed were in error," and "simply objected to the report and recommendation and referred to several of the issues in the case").

6

**DISPOSITION**

Having the reviewed the record here, the Court finds no clear error.  In fact, the Court agrees with Judge Claxton's analysis and her conclusions in the R&R.  The Court therefore **ADOPTS** the R&R.

**I.      Respondeat Superior**

Judge Claxton recommended that Plaintiff's negligence claims under the theory of respondeat superior fail to state a claim upon which relief may be granted.  (ECF No. 19 at PageID 279.)  Judge Claxton correctly applied Tennessee law to consider whether Plaintiff could establish Defendant's vicarious liability for its employee's allegedly tortious conduct.  (*Id.* at PageID 278–80.)  For vicarious liability, a plaintiff must show: (1) the person causing harm was an employee of the defendant; (2) the employee was acting on the employer's business; and (3) the employee was acting within the scope of employment when the harm occurred.  *Tenn. Farmers Mut. Ins. Co. v. Am. Mut. Liab. Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992).  Judge Claxton fittingly noted that vicarious liability is limited when an employee takes a detour from work or "turns aside" to "accomplish some purpose of his own . . . unconnected with his employment."  (ECF No. 19 at PageID 279); *Bowers v. Potts*, 617 S.W.2d 149, 156 (Tenn. Ct. App. 1981).  When the employee takes such a detour, the employer-employee relationship temporarily halts, and the employer is not liable for the employee's acts.  (*Id.*)

This Court agrees with Judge Claxton that Plaintiff has not plausibly alleged that Tunstall sexually assaulted Plaintiff within the scope of his employment to further Defendant's business or benefit Defendant.  Finding no clear error, the Court **ADOPTS** Judge Claxton's recommendation that Plaintiff fails to state a claim under the respondeat superior theory of negligence.

## II.     Negligent Hiring

Judge Claxton also recommended that this Court dismiss Plaintiff's claim for negligent hiring because he fails to state a claim upon which relief may be granted.  (ECF No. 19 at PageID 281.)  Negligent hiring first requires a prima facie case of negligence—plaintiffs must show that: (1) defendant owed a duty of care to plaintiff; (2) defendant's conduct breached that duty of care; (3) plaintiff was harmed; (4) the breach of duty actually caused plaintiff's harm; and (5) the breach of duty proximately caused plaintiff's harm.  *Giggers v. Memphis Hous. Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009); *see also Binns v. Trader Joe's East, Inc.*, 690 S.W.3d 241, 254 (Tenn. 2024).  But when, as here, an employee commits a bad act outside the scope of his or her employment, the employer's hiring of that employee cannot be the proximate cause of the plaintiff's harm unless the plaintiff makes an additional showing.  *Gunter v. Est. of Armstrong*, 600 S.W. 3d 916, 929 (Tenn. Ct. App. 2019).

When the employee commits an act beyond the scope of employment, a plaintiff must allege more facts to sue for negligent hiring.  The additional elements are:  "(1) evidence of unfitness for the particular job[;] (2) evidence that the applicant for employment, if hired, would pose an unreasonable risk to others[;] and (3) evidence that the prospective employer knew or should have known that the historical criminality of the applicant would likely be repetitive."[8] *Phipps v. Walker*, No. 03A01-9508-CV-00294, 1996 WL 155258, at *3 (Tenn. Ct. App. Apr. 4, 1996) (citing *Gates v. McQuiddy Off. Prods.*, No. 02A01-9410-CV-00240, 1995 WL 650128 (Tenn. Ct. App. 1995)); *see also Binns*, 690 S.W.3d at 254.

---

[8] "'Reasonable foreseeability' exists where the events causing the alleged harm were reasonably probable to occur, and that some action within the defendant's control more likely than not would have prevented the harm."  (ECF No. 19 at PageID 280 (citing *Doe v. Linder Const. Co.*, 845 S.W.2d 173, 178 (Tenn. 1992)).)

Judge Claxton already found correctly that Plaintiff failed to allege plausibly that Tunstall's sexual assault was within the scope of his employment, so he cannot show that the hiring of Tunstall was the proximate cause of negligence. And Judge Claxton held that Plaintiff failed to show that Defendant knew or should have known that Tunstall was dangerous. Without this showing, Plaintiff cannot state a negligent hiring claim. Having reviewed the R&R for clear error, the Court agrees with Judge Claxton and **ADOPTS** her recommendation that Plaintiff fails to state a claim under the negligent hiring theory.

### III.  Negligent Supervision

Lastly, Judge Claxton recommended that Plaintiff's claim for negligent supervision also fails to state a claim upon which relief may be granted. (ECF No. 19 at PageID 282.) To bring a claim for negligent supervision, a plaintiff must make a prima facie showing of negligence and that the employer knew of an employee's likelihood to cause harm and the employer's failure to supervise the employee adequately. *Gunter*, 600 S.W.3d at 929. Judge Claxton explained that Plaintiff failed to allege here that Defendant "could foresee, or through the exercise of reasonable diligence should have foreseen, the general manner in which the injury or loss occurred." *Jones v. Bedford Cnty.*, No. M2006-02710-COA-R3-CV, 2007 WL 3202760, at *3 (Tenn. Ct. App. Oct. 31, 2007) (citations omitted); (ECF No. 19 at PageID 281.)

The Court agrees with Judge Claxton's finding that Plaintiff failed to allege enough facts to show that Defendant should have "anticipated [Tunstall] causing the injuries complained of" and he failed to allege that plausibly. For these reasons, the Court finds no clear error and **ADOPTS** Judge Claxton's recommendation that Plaintiff failed to state a claim for negligent supervision.

**CONCLUSION**

Having reviewed Judge Claxton's R&R for clear error and finding none, the Court **ADOPTS** her recommendation and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**SO ORDERED**, this 9th day of September, 2024.

                                         s/Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE